IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                                                       CR. NO. 19-CR-4440 MV

**NICHOLOUS PHILLIPS,**

        **Defendant.**

**FOURTH UNOPPOSED MOTION TO CONTINUE TRIAL
AND MOTION TO EXTEND TIME TO FILE MOTIONS**

NICHOLOUS PHILLIPS, through his undersigned counsel, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully moves the Court to continue the trial currently set for July 27, 2020 for sixty (60) days, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Phillips would show the Court the following:

    1.     Mr. Phillips was indicted on December 3, 2019, on counts of possession of methamphetamine with the intent to distribute and felon in possession of a firearm. Doc. 4. He was arraigned on December 6, 2019, Doc. 13. Three prior continuances have been granted, one requested by prior counsel, Doc. 19 and 22, two requested by undersigned counsel, Doc. 29 and 30, and Doc. 31 and 32. On April 30, 2020, this Court set his case for trial on July 27, 2020, with a calendar call on July 2, 2020, Doc. 32.

    2.     Since the last continuance, a Superseding Indictment was filed in this case on May 28, 2020, Doc. 38. Mr. Phillips was arraigned on the Superseding Indictment on June 4, 2020, Doc. 41. The Superseding Indictment is identical to the original Indictment with the

exception that the mandatory minimum sentence in Count II (the drug distribution count) was changed to provide for a mandatory minimum sentence of ten (10) years instead of the prior five (5) year mandatory minimum sentence.

In addition, since the last continuance, the parties have filed numerous pleadings (i.e. motions *in limine*, responses, and notices of expert witnesses). In this regard, on June 24, 2020, the government filed a Notice of Intention to Offer Expert Testimony related to the issue in Count I as to whether the alleged firearm or firearm parts that are the subject of Count I satisfy the definition of a firearm under applicable federal law and regulation. Contemporaneous with this Notice, the government disclosed to undersigned counsel a copy of the proposed expert's *curriculum vitae* and an expert witness report.

3. In response to receiving this particular Notice and corresponding discovery, undersigned counsel initiated the process of consulting with numerous firearms experts and has tentatively retained an expert to testify in rebuttal to the government's expert. In this regard, undersigned counsel has initiated the CJA voucher authorization process to retain an expert. Undersigned counsel will require additional time to complete the voucher process to retain said expert, to forward discovery to the expert, and thereafter have the expert produce a report.

4. In light of the fact that Defendant is facing a potential mandatory minimum sentence of fifteen (15) years as to Count I of the Superseding Indictment, and a potential mandatory minimum sentence of ten (10) years as to Count II of the Superseding Indictment, Defendant and undersigned counsel respectfully request additional time to retain a competent expert to review and analyze the expert witness report disclosed by the defense in this case. As such, undersigned counsel is seeking a continuance in this case of sixty (60) days.

5.        The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).
>
> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). Undersigned counsel requires adequate time to receive and evaluate recently received discovery, retain an expert, and prepare the case, including the time to fully assess the information provided by the government and by the defense's own investigation in order to permit the defendant an opportunity to make a fully informed decision about whether to enter a guilty plea or take the case to trial. Requiring Defendant to proceed to trial prior to having an opportunity to utilize additional time to make a

fully informed decision would risk a denial of Defendant's rights to due process and effective assistance of counsel.

6. The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

7. The Defendant is in custody.

8. The undersigned has conferred with Assistant United States Attorney Jaymie Roybal, who does not oppose the relief requested.

WHEREFORE, Defendant Nicholous Phillips respectfully moves this Court to vacate the trial setting of July 27, 2020 and continue said trial for sixty (60) days, and to grant a corresponding extension of time to file motions.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
1905 Lomas Blvd, NW
Albuquerque, NM 87104
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of June 2020, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Jaymie Roybal

By: */s/ Joe M. Romero, Jr.*
      Joe M. Romero, Jr.