IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                No. 20-CR-1210

CHARLES JUSTICE,

        Defendant.

**FIRST UNOPPOSED MOTION TO CONTINUE TRIAL
AND MOTION TO EXTEND TIME TO FILE MOTONS**

       Charles Justice (Mr. Justice), through his undersigned counsel, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully moves the Court to continue the trial currently set for August 31, 2020 for sixty (60) days, and to grant a corresponding extension of time to file motions. As grounds for this motion, Mr. Justice would show the Court the following:

       1.      Mr. Justice was indicted on May 12, 2020, on three counts: Count I and Count II allege that Mr. Justice imported an illegal firearm or firearms, in violation of 18 U.S.C. §§ 545, 922(l), and 924(1) (C). Count III alleges that Mr. Justice possessed an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, Doc. 21.  Mr. Justice was arraigned on May 21, 2020, Doc. 31. No prior trial continuances have been sought by either party.

       2.      In reviewing discovery with Mr. Justice, undersigned counsel has identified the need to retain the expert services of a digital forensic examiner to conduct an independent inspection of the posts, photos, data, and other images alleged to have been extracted from Mr. Justice's cell phone, which cell phone was previously seized and inspected by law enforcement authorities. In addition, in response to said inspection and undersigned counsel's continuing

review of discovery in this case, it is anticipated that one or more pre-trial motions may be filed in this case for the Court's review and consideration prior to proceeding to trial.

3. Regarding Mr. Justice's desire to conduct an independent examination of the images and other data extracted from his cell phone, undersigned counsel has initiated the process of consulting with numerous forensic experts in this field of forensic cellphone or digital examinations and has tentatively retained the services of such an expert. In this regard, undersigned counsel has initiated the CJA voucher authorization process necessary to retain an expert. Undersigned counsel will require additional time to complete the voucher process to retain said expert, to forward discovery to the expert, and thereafter have the expert produce a report.

4. Mr. Justice and undersigned counsel respectfully request additional time to retain a competent expert to review and analyze the relevant discovery in this case. As such, undersigned counsel is seeking a continuance in this case of sixty (60) days.

5. The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).
>
> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed.

> But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). Undersigned counsel requires adequate time to receive and evaluate recently received discovery, retain an expert, and prepare the case, including the time to fully assess the information provided by the government and by the defense's own investigation in order to permit the defendant an opportunity to make a fully informed decision about whether to enter a guilty plea or take the case to trial. Requiring Mr. Justice to proceed to trial prior to having an opportunity to utilize additional time to make a fully informed decision would risk a denial of Mr. Justice's rights to due process and effective assistance of counsel.

6. The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. In particular, failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

7. The Defendant is in custody.

8. The undersigned has conferred with Assistant United States Attorney Jon Stanford does not oppose the relief requested.

WHEREFORE, Defendant Charles Justice respectfully moves this Court to vacate the trial setting of August 31, 2020 and continue said trial for sixty (60) days, and to grant a corresponding extension of time to file motions.

Respectfully Submitted,

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.
Romero & Winder, PC
Attorney for Charles Justice
1905 Lomas, Blvd. N.W.
Albuquerque, N.M. 87104
(505) 843-9776
EM: joe@romeroandwinder.com

**Certificate of Service**

I hereby certify that, on June 30, 2020, the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.