IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              No. 20-CR-01210-JAP

CHARLES BRENT JUSTICE,

        Defendant.

## DEFENDANT'S MOTION TO SUPPRESS SEARCH OF 760B SILVERBERRY CIRCLE, SE, KIRTLAND AIR FORCE BASE, N.M., 87116, AND DEFENDANT'S TRUCK

Defendant Charles Justice ("Mr. Justice"), by and through his counsel of record, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully moves this Court to suppress all evidence derived from the improper, contemporaneous, search of 760B Silverberry Circle, SE, Kirtland Air Force Base, N.M., 87116 ("Residence), and Mr. Justice's Ford F-150 truck ("Truck"). In support of this motion to suppress, defendant submits the following:

## INTRODUCTION

This case is one in which law enforcement breached Mr. Justice's Fourth Amendment right against unreasonable search and seizure. Mr. Justice makes three arguments in support of his Motion to Suppress: (1) the triggering event underlying the anticipatory search authorization did not occur prior to the search of Mr. Justice's Residence and Truck, and the search thus lacked probable cause; (2) all evidence derived from execution of the unlawful search authorization must be suppressed pursuant to the *Leon* exclusionary rule; and (3) the good faith exception to the exclusionary rule does not apply.

## BACKGROUND

1. On February 18, 2020, law enforcement personnel of the Air Force Office of Special Investigations ("AFSOI") at Kirtland Air Force Base ("KAFB"), were granted authority from the KAFB commander to search Mr. Justice's Residence and Truck pursuant to U.S. Air Force (AF) Form 1176. See, Exhibit A, AF Form 1176, Authority to Search and Seize, at p.1.

2. The search authorization issued by the base commander was effectively an anticipatory search warrant. The factual predicate presented to the base commander in support of the anticipatory search authorization was that Mr. Justice had purchased an illegal firearm suppressor in the mail, and that the parcel containing the alleged illegal suppressor was intercepted at an out of state mail. See Ex. A, Authority to Search and Seize, Affidavit in Support of Request for Search Authority, at ¶ 9.

3. In response, AFOSI applied for a search authorization requesting authority to search Mr. Justice's Residence and Truck upon law enforcement personnel conducting a planned controlled delivery of the parcel containing the alleged illegal suppressor to Mr. Justice's Residence. See Ex. A, Authority to Search and Seize, Affidavit in Support of Request for Search Authority, at ¶ 10.

4. More specifically, in the subject affidavit, AFOSI Special Agent Nicholas Dorval, stated as follows:

> PROPOSED CONTROLLED DELIVERY/ANTICIPATORY SEARCH AUTHORITY: AFOSI special agents, HSI special agents. ATF special agents, and U.S. postal inspectors wish to perform a controlled delivery of the SUBJECT PARCEL to the SUBJECT PREMISES. The original contents will remain inside the parcel.
>
> a. In conjunction with this controlled delivery. I am also seeking authorization for an anticipatory search authorization for the SUBJECT PREMISES to be executed contingent upon the delivery of the SUBJECT PARCEL.

  b. On or about 18 Feb 20, a U.S. Postal Inspector, who will be acting in an undercover capacity as a United States Postal Service (USPS) mail carrier, will attempt to deliver the SUBJECT PARCEL to the SUBJECT PREMISES during the daytime hours authorized by this search authority….

  c. Based on the training and experience of the ATF special agents, the HSI agents and the U.S. postal inspectors with whom I've conferred, such packages are typically opened shortly after delivery. In light of these circumstances, there may be practical difficulties in obtaining a search authorization in a timely fashion before evidence is potentially moved or destroyed. Therefore. I respectfully request that a search authorization for the SUBJECT PREMISES be issued with its execution contingent upon fulfillment of the following procedures:

  a. …. Once the delivery has been made, the agents will execute the search authorization within the time period authorized.

  b. The search authorization will be executed only on SUBJECT PREMISES, after the SUBJECT PARCEL is taken into the residence after delivery….

  c. If the SUBJECT PARCEL is not accepted by an adult occupant of the SUBJECT PREMISES within the time authorized by this search authority, the search will not be executed. and the SUBJECT PARCEL will remain in the custody of law enforcement.

<u>See</u>, Exhibit A, Affidavit in Support of Request for Search Authority, ¶10.

  5. For reasons not addressed or explained in the discovery, law enforcement personnel executed the requested search authorization the following day, February 19, 2020, despite not undertaking the planned controlled delivery of the parcel, and despite expressly informing the authorizing commander they **would not** execute the search of the Residence and Truck without first completing the planned controlled delivery of the parcel.

  6. By way of background, the search authorization in this case was approved by a military commander, as the investigation of this case was initiated by AFSOI and the "target" of said investigation was and is an active duty member of the U.S. Air Force. Subsequently, after Mr. Justice was released from custody in the pending military case, AFSOI caused his case to be transferred to U.S. District Court. Mr. Justice's case has been pending in this Court since March

16, 2020 by way of the filing of a Criminal Complaint (Doc. 1, filed 3/16/2020) and by the subsequent filing of an Indictment (Doc. 21, filed 5/12/2020).

## ARGUMENT

**A. The Execution of the Anticipatory Search Warrant Was Unlawful as the Triggering Event Upon Which the Search was Authorized Never Occurred.**

The search authorization in this case is invalid because the condition precedent to the execution of the warrant *never occurred*. The search authorization lacked probable cause as the required triggering event did not occur. Rowland, 145 F.3d 1194, 1201 (10th Cir. 1998) ("If the do not occur, the anticipatory warrant is void."). United States v. Garcia, 882 F.2d 699, 702 (2d Cir. 1989) ("An anticipatory warrant, by definition, is a warrant that has been issued before the necessary events have occurred which will allow a constitutional search of the premises; if those events do not transpire, the warrant is void.")).

Anticipatory search warrants are warrants "only become[] effective upon the happening of a future event,'" aka a "triggering event" or a condition precedent. United States v. Rowland, 145 F.3d at 1200 (quoting United States v. Hugoboom, 112 F.3d 1081 (10th Cir.1997). "[T]he use of a 'triggering event' can help assure that the search takes place *only* when justified by 'probable cause.'" *Id.* at 1200 (*quoting* United States v. Hugoboom, 112 F.3d 1081 (10th Cir. 1997). "[T]he two general requirements for a valid anticipatory warrant are (1) that it be supported by probable cause and (2) that the warrant or supporting affidavit clearly set out conditions precedent [i.e. triggering event] to the warrant's execution." Rowland, 145 F.3d at 1201.

**B. The Triggering Event Underlying the Anticipatory Search Warrant Did Not Occur Prior to the Search of Mr. Justice's Residence and the Search Thus Lacked Probable Cause**

"Probable cause requires a nexus between the place to be searched and the items to be seized." U.S. v. Nolan, 199 F.3d 1180, 1183 (10th Cir. 1999). In this case, the authorization to search the Residence was contingent on the delivery of the subject parcel to the Residence. See Ex. A, Affidavit in Support of Request for Search Authority, ¶ 10(b). Without the controlled delivery, the anticipatory search warrant lacked probable cause and must be suppressed. See Rowland, 145 F.3d at 1201 ("[P]robable cause for an anticipatory warrant is contingent on the occurrence of anticipated events.").

### C. All Evidence Derived from Execution of the Unlawful Search Warrant Must be Suppressed Pursuant to the *Leon* Exclusionary Rule.

Pursuant to the exclusionary rule, the evidence derived from the February 19, 2020, search of Mr. Justice's Residence and Truck must be suppressed. The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." United States v. Leon, 468 U.S. 897, at 906 (quoting United States v. Calandra, 414 U.S. 338, 348 (1984)). "'The exclusionary rule has traditionally barred from trial physical, tangible materials obtained either during or as a direct result of an unlawful' search or seizure." United States v. Tolbert, 2018 WL 3611053, at *4 (D.N.M. July 27, 2018) (citing Wong Sun v. United States, 371 U.S. 471, 485 (1963)).

### D. The Good Faith Exception to the Exclusionary Rule Does Not Apply.

The Leon good faith exception to the exclusionary rule does not apply in this case. See United States v. Leon, 468 U.S. 897 (1984). The good faith exception to the exclusionary rule allows "the use in the prosecution's case in chief of evidence obtained by officers acting in *reasonable reliance* on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid." Leon, Id. (emphasis added). The Leon court "recognize[d] that

5

there are circumstances in which an officer's reliance on a warrant could not be objectively reasonable and suppression appropriate." Rowland, 145 F.3d at 1207.

The focus when determining whether the good-faith exception applies is "whether a 'reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Gonzales, 399 F.3d 1225, 1230 (10th Cir. 2005), (quoting United States v. Leon, 468 U.S. 897, at 922 n. 23).

> For good faith to exist, there must be *some* factual basis connecting the place to be searched to the suspect defendant or the suspected criminal activity. *When this connection is wholly absent*, the affidavit and resulting warrant are so 'lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'" and exclusion of the evidence seized is appropriate.

United States v. Gonzales, 399 F.3d 1225, 1231 (10th Cir. 2005) (emphasis added).

In this case the good faith exception is inapplicable as the primary nexus between Mr. Justice and the alleged criminal activity is the subject parcel, and the probable cause to search the Mr. Justice's Residence (and presumably his Truck) hinged on the controlled delivery of the subject parcel to the Residence. The affidavit was unambiguous. If the controlled delivery did not occur as described, the requested search was not authorized and would not be executed. See Ex. A, Affidavit in Support of Request for Search Authority, ¶ 10(c)(c) ("If the [parcel] is not accepted by an adult occupant of the [Residence] within the time authorized by this search authority, the search will not be executed…."). As such, by the express terms of the search authorization and absent the completion of the controlled delivery, law enforcement personnel lacked both authority and probable cause, to execute the search.

## CONCLUSION

Wherefore, for the foregoing reasons, Mr. Justice urges this Court to suppress evidence

seized from Mr. Justice's Residence and Truck on February 19, 2020, because the requisite triggering event for the anticipatory search warrant did not occur rendering the search warrant invalid. The good faith exception to the exclusionary rule does not apply because it was unreasonable for the agents to rely on the anticipatory search warrant without the delivery of the parcel to the Residence.

Respectfully Submitted,

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.
Romero & Winder, PC
Attorney for Charles Justice
P.O. Box 25543
Albuquerque, NM 87125
(505) 843-9776
EM: joe@romeroandwinder.com

**Certificate of Service**

I hereby certify that, on August 16th 2020, the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.