# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                                                No. 20-CR-01210-JAP

**CHARLES JUSTICE,**

    **Defendant.**

## DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO PRODUCE THE INVENTORY FOR THE SEARCH OF DEFENDANT'S RESIDENCE AND TRUCK

Defendant Charles Justice ("Mr. Justice"), by and through his counsel of record, Romero & Winder, PC (Joe M. Romero, Jr.), respectfully moves this Court for an order compelling the government to provide a complete and unredacted inventory of all the evidence seized from a search conducted, on February 19, 2020, at 760B Silverberry Circle, SE, Kirtland Air Force Base, N.M., 87116 ("Residence"), and of Mr. Justice's Ford F-150 truck ("Truck").

## BACKGROUND

1.    On February 18, 2020, law enforcement personnel of the Air Force Office of Special Investigations ("AFSOI") at Kirtland Air Force Base ("KAFB") applied for and obtained a search authorization (i.e. the equivalent of a search warrant) to search Defendant's on base residence (760B Silverberry Circle, SE) at Kirtland Air Force Base, N.M Residence and his personal truck (Ford F-150) truck. See, Exhibit A, AF Form 1176, Authority to Search and Seize.

2.    The factual predicate presented by AFOSI Special Agent Nichola Dorval to the base commander in support of the anticipatory search authorization was that Mr. Justice had recently purchased an illegal firearm suppressor or silencer in the mail, and that the parcel

containing the alleged illegal suppressor was intercepted at an out of state mail center. See, Exhibit A, Affidavit in Support of Request for Search Authority, ¶10. In response, AFOSI applied to the base commander for a search authorization for Mr. Justice's Residence and Truck as a prelude to law enforcement personnel conducting a planned controlled delivery of the parcel to Mr. Justice's Residence.

3. In pertinent part, the affidavit submitted by SA Dorval in support of the requested search authorization identified that "the following items to be seized" upon law enforcement obtaining the requested search authority:

> **Attachment B**
>
> 1. The SUBJECT PARCEL and its contents ….
>
> 2. Firearm suppressors, and any firearm as defined by 26 USC § 5845(a) that is not lawfully possessed in accordance with the National Firearm Act (NFA) as required by law….
>
> 3. Any items pertaining to the possession, manufacture, or distribution of illegal firearms including but not limited to, lower receivers, upper receivers, grips, stocks, magazines, trigger assemblies, machinegun conversion kits, and barrels for Glock-style firearms.
>
> ….
>
> 5. Any machines, tools, parts, or other items associated with the use, manufacture, or modification of firearms to enable the connection to and use of NFA-regulated items with firearms.
>
> ….

See, Ex. A, Attachment B.

4. The search authorization was executed the next day, February 19, 2020. As a result of the searches executed in this case, the final Report of Investigation alleges that a total of 17 firearms, 3 alleged silencers or silencer related components, and an assortment of ammunition were discovered during the searches.

5. For reasons not addressed or explained in the discovery, law enforcement officials did not prepare an inventory identifying each item and location of seized evidence. In response to undersigned counsel's request for an official inventory of all evidence seized from the Residence and Truck, the government informed undersigned counsel pursuant to UCMJ or military law, applicable at the time of the subject search, the production and disclosure of an inventory was not required.

6. By way of background, the search authorization in this case was approved by a military base commander, as the investigation at the time of the requested search was initiated by the U.S. Air Force Office of Special Investigations and the "target" of said investigation was and is an active duty member of the U.S. Air Force. Subsequently, after Mr. Justice was released from custody in the pending military case and placed on conditions of release, his case was transferred to U.S. District Court by way of the filing of a Criminal Complaint (Doc. 1, filed 3/16/2020) and by subsequently by way of the filing of an Indictment (Doc. 21, filed 5/12/2020).

## ARGUMENT

The government is required by Rule 16 and <u>Brady v. Maryland</u> to produce discovery that is material and potentially exculpatory to the defendant. In cases alleging the possession and / or constructive possession of illegal firearms, firearms components, and / or other firearms related products, knowledge and proof of the precise location of said evidence was located is material and potentially exculpatory.

**A. The Applicable Rules and Procedures Require That an Inventory Be Provided to the Search Property Owner.**

Applicable U.S. Air Force procedural requirements as well as military rules of evidence mandate than an inventory to be created of items seized during an authorized search. Specifically, Mil. R. Evid. 315, which governs probable cause searches, requires that "Property

3

seized should be inventoried at the time of seizure or as soon as practicable," and also that "*[a] copy of the inventory should be given to a person* from whose possession or premises the property was taken." Mil. R. Evid. 315 (emphasis added); see also United States v. Chapman, 954 F.2d 1352, 1369 n.35 (7th Cir. 1992).

Applicable procedural requirements, in pertinent part, AFI (Air Force Instruction) 31-115, Security Forces Investigations Programs, states as follows:

> Section 8.2. Preserving Evidence. Evidence must be protected from destruction, alteration or change. Collect identified evidence as soon as possible and carefully document where, when and who collected the evidence and the condition of the item….
>
> 8.2.1. The SF member seizing of otherwise receiving and item of evidential property ensures all such property is immediately recorded on AF Form 52, *Evidence Tag*, and assures the form is affixed to the item(s) of evidence."
>
> 8.2.2. Record all circumstances surrounding the discovery of evidence (e.g., vehicle and/or property inventory, location of the discovery, date and time, witnesses present, etc.) ….
>
> 8.2.7. The property receipt portion of the AF Form 52 is given to the person relinquishing the property. This applies to all property, even if the person relinquishing the property is not the owner of the property. . .

See, AFI 31-118, Security Forces Standards and Procedures Policy Update, December 21, 2017.

By analogy, Fed. R. Crim. Pro. 41 similarly requires that "[a]n officer present during the execution of the warrant must prepare and verify an inventory of any property seized" and "must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property." See Fed. R. Crim. P. 41(f)(1)(B) and (C).

**B. Rule 16 Requires Production of the Search Inventory**

In this case, the Court's standing discovery order, which tracks Fed. R. Crim. P. Rule 16(a)(1)(C), provides as follows:

> The government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, *and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.*

See Order, Doc. 32, ¶ 2(D), emphasis mine. As such, by way of the standing discovery Order filed in this case, the inventory mandated by law and requested by this motion should be disclosed forthwith.

Rule 16(d)(2) "gives the district court broad discretion in imposing sanctions on a party who fails to comply with" Rule 16. United States v. Wicker, 848 F.2d 1059, 1060 (10th Cir. 1988).

> **(2) Failure to Comply.** If a party fails to comply with this rule, the court may:
>
> **(A)** order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> **(B)** grant a continuance;
>
> **(C)** prohibit that party from introducing the undisclosed evidence; or
>
> **(D)** enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

In selecting a proper sanction, "a court should typically consider (1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance." United States v. Charley, 189 F.3d 1251, 1262 (10th Cir. 1999)(internal quotation marks omitted)(quoting United States v. Gonzales, 164 F.3d 1285, 1292 (10th Cir. 1999)).

### C. *Brady v. Maryland* Requires Production of the Search Inventory

By failing to timely produce the required inventory, the government has denied Mr. Justice his right to material exculpatory information.

In Brady v. Maryland, 373 U.S. 83 (1963), the Court held that the "Due Process Clause of the Constitution requires that the United States disclose to the defendant any evidence that "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. In Kyles v. Whitley, 514 U.S. 419 (1995), the Court re-affirmed that information that discredits, undermines, or impeaches the government's evidence or the way it was obtained is exculpatory and material information: "[w]hen, for example, the probative force of evidence depends on the circumstances in which it was obtained and those circumstances raise a possibility of fraud, indications of conscientious police work will enhance probative force and slovenly work will diminish it." See Kyles, 514 U.S. at 446, n. 15. Any information relevant to the "integrity of the investigation" or a conclusion within the investigation is likewise Brady material. Id. at 447.

Importantly, in the context of this motion, the Supreme Court of the United States extended the prosecution's disclosure obligation to include evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. See Giglio v. United States, 405 U.S. 150, 153 (1972); United States v. Abello-Silva, 948 F.2d 1168, 1179 (10th Cir. 1991)("Impeachment evidence merits the same constitutional treatment as exculpatory evidence."). See also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991) (evidence must be disclosed if it would assist the defendant in discovering other evidence or preparing for trial). The prosecution must provide a criminal defendant "the widest possible opportunity to inspect and receive such materials in the possession of the government as

may aid him in presenting his side of the case." United States v. Poindexter, 727 F. Supp. 1470, 1473 (D.D.C. 1989). To reiterate, evidence is material if there is indication that it may play an "important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." United States v. George, 786 F. Supp. 11, 13 (D.D.C. 1991).

The government opposes this motion.

## CONCLUSION

Wherefore, for the foregoing reasons, Mr. Justice moves this Court to order the government to produce the complete and unredacted inventory of the February 19, 2020 search of Mr. Justice's Residence and Truck, as required by the Military Rules of Evidence Rule 315, the Federal Rules of Criminal Procedure Rules 16 and 41, the Fifth and Sixth Amendments to the United States Constitution, and Brady, Kyles, and Giglio.

                                      Respectfully Submitted,

                                      */s/ Joe M. Romero, Jr.*
                                      Joe M. Romero, Jr.
                                      Romero & Winder, PC
                                      Attorney for Charles Justice
                                      P.O. Box 25543
                                      Albuquerque, N.M. 87125
                                      (505) 843-9776
                                      EM: joe@romeroandwinder.com

**Certificate of Service**

I hereby certify that, on August 16, 2020, the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.