IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Cr. No.  20-CR-1210 JAP |
| ) | |
| **CHARLES BRENT JUSTICE,**   ) | |
| ) | |
| Defendant.   ) | |

**UNITED STATES' NOTICE AND MOTION TO ADMIT INTRINSIC EVIDENCE AND EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States respectfully moves this Court for an order allowing the government to introduce evidence contained in Exhibits 1, and 2 to this motion, and testimony about the items seized during the search of Defendant's home, vehicle, and electronic devices.  The evidence in Exhibit 1 is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury.  The evidence in Exhibit 2[1] and testimony about items located in Defendant's home and vehicle is admissible under Federal Rule of Evidence 404(b) as evidence of knowledge, identity, and lack of mistake, related to all charges contained in the indictment.  The evidence in Exhibit 2 and testimony about the items seized in Defendant's home is also admissible under Federal Rule of Evidence 404(b) as proof of knowledge, intent, and lack of mistake related to Charge 1 of the indictment.

**I.  BACKGROUND**

1. On February 7, 2020, the Air Force Office of Special Investigations (AFOSI) received a call from Special Agent Zachary Souder of Homeland Security Investigations (HSI).  Souder

---

[1] Exhibit 2 includes the evidence contained in Exhibit 1 and additional evidence admissible under Fed. R. Evid. 404(b).

explained that HSI had learned that a person living on base had attempted to illegally import a silencer[2], contrary to the National Firearms Act (NFA) and other federal law. That person was identified as Defendant, Charles Brent Justice. Defendant's address on base and status as an airman was confirmed through records checks.

2. Souder advised that the silencer had been intercepted at the John F. Kennedy mail center in Jamaica, NY. U.S. Customs and Border Protection (CBP) agents examined the parcel containing the silencer, and verified that it contained a silencer. CBP agents shipped the package to HSI agents in Albuquerque for further inspection.

3. In the meantime, Souder contacted Special Agent Nathan Kempton of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and asked him to conduct a Federal Licensing System (FLS) check to verify whether Defendant had ever applied for or received the required ATF permit and tax stamp allowing Defendant to import and or possess a silencer, under the NFA. Kempton confirmed Defendant had never applied for and thus never received the required permission to import or possess a silencer. Defendant had likewise never applied for a Federal Firearms License, and was therefore not authorized to import, manufacture or sell a silencer, and he cannot receive any NFA- controlled items at his residence.

4. That same date, AFOSI SA William McCoy investigated whether Defendant had ever applied for or received permission to register and store firearms at his residence, as required by Air Force Instruction 31-101, and documented on Air Force Form 1314. Air Force authorities confirmed they had no record of Defendant applying for or receiving permission to register and/or store any firearms at his on-base residence.

5. On February 10, 2020, AFOSI SA Meskill met with HSI SA Souder, who advised

---

[2] The term silencer and "suppressor" are used interchangeably throughout this motion. Both indicate the illegal item Defendant allegedly imported and possessed.

that records show that over a 10 month period, Defendant had placed over 30 orders to companies located in China. Approximately 15 of these orders were for suspected gun parts, including a "trigger fish," which is a part designed to convert a semiautomatic Glock pistol into a fully automatic weapon, and a butt stock receiver, which allows a Glock pistol to be shoulder fired similar to a short barreled rifle. Each of these items are controlled under the NFA, and require permits and tax stamps before they may be legally possessed in the United States.

      6. The parcel intercepted by HSI listed Defendant as the recipient, at his on-base residence. The shipper was listed as Xiaohuji, with the contents labeled as "fuel filter." The parcel was opened and examined by SA Meskill, who verified through ATF that the item it contained was in fact a silencer.

      7. On February 18, 2020, based upon the foregoing and other information, Base Commander Colonel David Miller found probable cause existed, and granted agents authority to search Defendant's truck and residence by issuing an AF1176 Authority to Search and Seize. The search was to take place after the package was delivered to Defendant.

      8. Colonel Miller later determined that safety concerns weighed against the planned controlled delivery. Colonel Miller found that probable cause existed to search Defendant's residence and truck, even without delivery of the silencer.

      9. When agents searched Defendant's residence and truck shortly thereafter, they recovered additional silencers, as well as 17 unregistered firearms, nearly 7,000 rounds of ammunition, and roughly 160 military headsets that appeared to be stolen.

      10. A search of Defendant's cell phone uncovered photographs, documents, and other materials depicting anti-government materials, anti-regulation materials, and in-depth information about firearms, do-it-yourself (DIY) firearm modifications, and firearm suppressors.

      11. Trial is currently scheduled for November 2, 2020.

## II. DISCUSSION

**A. The evidence in Exhibit 1 is admissible as intrinsic evidence required to establish elements of the charged offenses.**

Rule 404(b) limits the admissibility of evidence related to "other crimes [or] wrongs," but it "only applies to evidence of acts extrinsic to the charged crime."[3] If the evidence is intrinsic to the crime charged, then Rule 404(b) is not even applicable.[4] The requirement for the admission of intrinsic evidence is just that the evidence passes Rule 403 muster, meaning the "probative value is not substantially outweighed by the danger of unfair prejudice."[5]

Other act evidence is considered intrinsic—and thus not subject to Rule 404(b)—"when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."[6] This type of evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury."[7]

    1. <u>The evidence found on Defendant's phone is intrinsic evidence that Defendant knew he was importing and possessing firearm suppressors</u>.

The evidence contained in Exhibit 1, attached to this motion, is intrinsic evidence that establishes the scienter elements of Counts 1-3 of the indictment. Counts 1-3 of the indictment each contain a knowledge element.[8] The term "knowingly" means "that the act was done

---

[3] *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (quoting *United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir.1992), abrogated on other grounds as recognized in *United States v. Bell*, 154 F.3d 1205, 1209–10 (10th Cir.1998); *see also United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir.1997) ("It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged.").
[4] *Id.*; *see also Obrien* 131 F.3d at 1432.
[5] *United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir.1993).
[6] *Irving*, 665 F.3d at 1212 (quoting *Lambert*, 995 F.2d at 1007 (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990)) (internal quotation marks omitted).
[7] *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009).
[8] Doc. 21.

voluntarily and intentionally, and not because of mistake or accident."[9]  As Justice Jackson correctly observed, "the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law."[10]

Under Count 1 of the indictment, the United States must show that Defendant "knowingly and fraudulently imported and caused to be imported to the United States, one and more silencers, knowing that importing the silencers was illegal."[11]  Both Defendant's knowledge that he was importing something and that the item he was importing is an illegal firearms suppressor must be proven beyond a reasonable doubt.  Under Count 2, the United States must prove Defendant knowingly imported a silencer.  Under Count 3, the United States must prove that Defendant knowingly possessed a silencer.

In this case, Defendant's knowledge of firearms and firearm suppressors (a.k.a. "silencers") is of central importance.  "Knowledge may be inferred from circumstantial evidence."[12]  Absent admissions to Defendant's knowledge that he was importing and possessing silencers, the United States must prove this fact through circumstantial evidence.  The evidence located on Defendant's phone establishes Defendant's knowledge about firearms suppressors.

The evidence found in Exhibit 1 is direct evidence of Defendant's knowledge about what constitutes a firearm suppressor.  These items were located on Defendant's phone.  Exhibit 1 contains detailed instructions and photographs for constructing a silencer out of a plastic bottle and a stainless steel scouring pad.  The exhibit also depicts plans for constructing a silencer out

---

[9] Tenth Circuit Criminal Pattern Jury Instructions, §1.37 (2011 Ed., Updated February 2018).
[10] *Bryan v. United States*, 524 U.S. 184 (1998).
[11] Doc. 21.
[12] *See Maples v. Vollmer*, No. CIV 12-0294 JB/RHS, 2013 WL 1677104, at *20 (D.N.M. Mar. 31, 2013); *see also Bishop v. United States*, 396 F.2d 762, 763 (10th Cir. 1968)("It is elementary that intent or guilty knowledge is susceptible to proof by either direct or circumstantial evidence or by both.").

5

of a Pepsi can.  Lastly, the exhibit also contains photos of commercially available silencers being sold as "fuel filters."  The items depicted in Exhibit 1 to this motion are all intrinsic evidence of Defendant's knowledge about silencers and his familiarity with silencers being sold under the guise of innocent auto parts.  It should be admitted as intrinsic evidence of such.

2. <u>The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice</u>.

Under the familiar Rule 403 balancing test, relevant evidence may be excluded "if its probative value is *substantially* outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[13]  The Tenth Circuit has properly noted that the exclusion of relevant evidence under Rule 403 should be used infrequently, as it is an "extraordinary remedy."[14]

Under Rule 403's balancing test, "it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value."[15]  Furthermore, in conducting the Rule 403 balancing test, this Court must "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."[16]

The evidence is necessary for proving the knowledge element associated with each count in the indictment.  The government must prove beyond a reasonable doubt that Defendant knew the item he imported was an illegal silencer and the items in his home and vehicle were illegal

---

[13] Fed. R. Evid. 403 (emphasis added).
[14] *United States v. Smalls,* 605 F.3d 765, 787 (10th Cir.2010) (cautioning district courts to be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly").
[15] *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (internal citation omitted) (emphasis in original).
[16] *Id.* (internal quotation and citation omitted).

6

silencers.  The evidence in Exhibit 1 is intrinsic evidence of Defendant's knowledge.  As such, the probative value of this evidence is very high.

On the other hand, the potential for unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence is low. This trial is all about firearms suppressors.  There is little potential that the evidence presented will lead to unfair prejudice to the Defendant, as the evidence offered is related to firearms suppressors.[17] Similarly, there is no undue delay, wasting time, or cumulative presentation of evidence associated with this evidence.  The evidence consists of photographs taken off of Defendant's phone.  Foundational testimony and testimony about where the photographs were located on Defendant's electronic devices is all that is required for the United States to present this evidence to the jury.  As such, the Rule 403 balancing test tilts strongly in the favor of admission.

Since the evidence is intrinsic evidence to elements of Counts 1-3 of the indictment, and the Rule 403 balancing test weighs in favor of admission, this Court should allow the evidence attached as Exhibit 1 to this motion to be admitted.

**B. The evidence is admissible under Federal Rule of Evidence 404(b).**

At trial, it is proper for the prosecution to offer evidence of a defendant's involvement in uncharged crimes, wrongs or other acts for any purpose other than showing the defendant's criminal propensity or character.[18]  Such purposes including establishing the defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[19]  It is well settled that "[Rule 404(b)] is one of inclusion which admits evidence of

---

[17] *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)( . Evidence is unfairly prejudicial when it has the capacity "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").
[18] Fed. R. Evid. 404(b); *United States v. Shepherd*, 739 F.2d 510, 512 (10th Cir. 1984).
[19] *Id*.

7

other crimes relevant to an issue in a trial, unless the evidence is introduced for an impermissible purpose or undue prejudice is shown."[20]

In determining whether evidence is properly admitted under Rule 404(b), the Tenth Circuit applies a four-part test, known as the *Huddleston* test, which requires that:

> (1) the evidence was offered for a proper purpose;
> (2) the evidence was relevant;
> (3) the trial court determined under Fed. R. Evid. 403 that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice; and
> (4) the trial court gave the jury proper limiting instructions upon request.[21]

As discussed below, the evidence satisfies all four of the *Huddleston* factors.

**1. The evidence is offered for a proper purpose**.

    **a. The evidence is relevant for proving Defendant's knowledge under all three counts of the indictment.**

As discussed *supra*, the evidence in Exhibits 1-3 is relevant for proving Defendant's knowledge that he was importing a silencer. It is also relevant for proving that Defendant knowingly possessed silencers.

Defense counsel indicated during the detention appeal hearing that this imported suppressor was actually ordered from a U.S. company, and that it was not clear that it was a suppressor. In fact, some of the photographs contained in Exhibit 1 purport to be "fuel filters." This labeling is a facade. Defendant is a firearms enthusiast with a documented interest in firearms suppressors. The fact that he had plans for building silencers and multiple images of firearms and firearms silencers on his phone is proof of Defendant's knowledge that he was, in

---

[20] *United States v. Cuch*, 842 F.2d 1173, 1176 (10th Cir. 1988).
[21] *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014), citing *United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011) and *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).

8

fact, importing and possessing illegal firearms in the form of illegal silencers. As such, the evidence is relevant for this proper purpose.

### b. The evidence is relevant for proving Defendant's identity under all three counts of the indictment.

The evidence is also relevant for showing Defendant was the one who actually imported the illegal silencer, and not anyone else in his household. The package containing the illegal silencer was mailed to Defendant's home. The government must prove that it was Defendant who caused the illegal item to be imported. To do so, the government intends to show that Defendant was the person importing and possessing the silencers located in his home. As such, the evidence is relevant for this proper purpose.

### c. The evidence is relevant for proving Defendant's lack of mistake under all three counts of the indictment.

The illegal silencer purchased by Defendant is advertised as a fuel filter online. However, the evidence located on defendant's phone proves he was not mistaken about what he was ordering. The plans for homemade firearms suppressors, photographs of the firearms, all the firearms located in Defendant's home, the materials indicating Defendant's disdain for federal regulations, and the military gear located in his home (headsets) are all indicative of Defendant's obsession and understanding of firearms. This is all relevant evidence for showing Defendant's lack of mistake with respect to importing and possessing the silencers.

### d. The evidence is relevant for proving Defendant's intent with respect to Count 1 of the indictment.

To convict Defendant of Count 1, the jury must find Defendant "knowingly and willfully imported… with intent to defraud…"[22] the illegal silencer. Defendant's intent in ordering the silencer labeled as a fuel solvent filter was to defraud customs laws and regulations of the United

---

[22] Tenth Circuit Criminal Pattern Jury Instructions, §2.30 (2011 Ed., Updated February 2018).

States.  Defendant's possession of plans to make suppressors from home, his photographs of multiple firearms suppressors, and the memes[23] located on his phone advancing anti-regulation are all relevant for proving Defendant's intent in ordering the silencer under Count 1.  As such, it is relevant for a proper purpose.

### 2. The probative value of the evidence is not substantially outweighed by the potential for unfair prejudice.

Finding that the first two *Huddleston* factors are met, the court may next engage in a balancing test for probative value and unfair prejudice.  As set out *supra*, Federal Rule of Evidence 403 provides that the court "may exclude evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  However, "[t]he exclusion of evidence under Rule 403 is an extraordinary remedy and should be used sparingly."[24]  Even where unfair prejudice is greater than probative value, evidence may still be admitted; to bar evidence, the danger of the unfair prejudice must *substantially* outweigh the probative value.[25]  To determine whether evidence is unfairly prejudicial, the court decides whether it would make "a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."[26]  In other words, unfair prejudice may occur if the evidence is used "to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."[27]

---

[23] The photographs found on Defendant's devices with text overlays are commonly referred to as "memes."

[24] *United States v. Henthorn*, 864 F.3d 1241, 1256 (10th Cir. 2017) (internal quotation and citation omitted).

[25] *Id.* at 1256.

[26] *Id*.

[27] *United States v. Woody*, Cr. No. 18-3902-JB, 2020 WL 3266056, at *42 (D.N.M. June 16, 2020) (Brown, J.), quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (Souter, J.).

But all this is "not to say that other-act evidence must be excluded whenever a propensity inference can be drawn; rather, Rule 404(b) excludes the evidence if its relevance to 'another [proper] purpose' is established only through the forbidden propensity inference." Evidence remains admissible even if it has the potential "impermissible side effect of allowing the jury to infer criminal propensity," so long as the jury "[i]s not required to make any such inferences in order to also" find a proper 404(b) purpose.[28]

The probative value of the evidence offered in this case is as high as probative value can be. It directly proves a necessary element of each offense before the jury. On the other hand, the evidence is not unfairly prejudicial. This is a firearms case involving silencers. The evidence located on Defendant's phone about firearms and silencers is not going to insert sensational or disturbing facts into the case that are not already under consideration by the jury.[29] Further, as discussed below, a proper instruction from the Court will diminish the potential that jurors will use this evidence for anything other than the proper purposes instructed by the Court. Considering the necessity of this evidence to prove the offenses, even if this Court determines the evidence is prejudicial, Defendant cannot establish that any unfair prejudice substantially outweighs the probative value of the evidence.

### 3. The United States will not oppose a request for appropriate limiting instructions for this evidence.

Upon admission, it will be appropriate for a finder of fact to be instructed as to the purpose of testimony regarding the evidence of prior convictions. The instruction(s) may and

---

[28] *Henthorn*, 864 F.3d at 1252 (internal citations removed).
[29] *See United States v. Torrez*, 869 F.3d 291, 302 (4th Cir. 2017) ("bad acts evidence, admissible under Rule 404, is not barred by Rule 403 where such evidence did not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged.") (internal citation and quotations omitted).

should be repeated prior to argument and/or deliberation, as well. The United States will not oppose a request for these instructions.[30]

### III. Relief Requested

The United States respectfully moves this Court for an order allowing the government to introduce evidence contained in Exhibits 1, and 2 to this motion, and testimony about the items seized during the search of Defendant's home, vehicle, and electronic devices. The evidence in Exhibit 1 is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. The evidence in Exhibit 2[31] and testimony about items located in Defendant's home and vehicle is admissible under Federal Rule of Evidence 404(b) as evidence of knowledge, identity, and lack of mistake, related to all charges contained in the indictment. The evidence in Exhibit 2 and testimony about the items seized in Defendant's home is also admissible under Federal Rule of Evidence 404(b) as proof of intent and lack of mistake related to Charge 1 of the indictment.

### IV. Standard of Review on Appeal

The Tenth Circuit Court of Appeals reviews district court decisions to admit evidence under Fed. R. Evid. 403 and 404(b) for abuse of discretion.[32]

---

[30] The United States reserves the right to object to specific language proposed in the instruction, depending on the facts and evidence admitted at trial.

[31] Exhibit 2 includes the evidence contained in Exhibit 1 and additional evidence admissible under Fed. R. Evid. 404(b).

[32] *See United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132 (10th Cir. 2014); *United States v. Griffin*, 389 F.3d 1100, 1103 (10th Cir. 2004); and *United States v. Charley*, 189 F.3d 1251, 1260 (10th Cir. 1999) ("[w]e will disturb a trial court's decision to admit evidence under Rule 403 only for an abuse of discretion"). "A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 968 (10th Cir. 2001) (quotations omitted). A district court's decision will be reversed "only if the court exceeded the bounds of permissible choice, given the facts and the applicable law in the case at hand." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007) (quotations omitted).

Respectfully submitted:

JOHN C. ANDERSON
United States Attorney

*/s/ Filed Electronically 09-11-2020*
NICHOLAS S. MOTE
JON K. STANFORD
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on September 11, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Filed Electronically*
NICHOLAS S. MOTE
Assistant United States Attorney