IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                                                   No. 20-CR-01210-JAP

CHARLES BRENT JUSTICE,

           Defendant.

**DEFENDANT'S REPLY TO UNITED STATES' RESPONSE
TO DEFENDANT'S MOTION TO SUPPRESS**

COMES NOW, Charles Brent Justice ("Mr. Justice"), by and through his counsel of record, Romero & Winder, P.C. (Joe M. Romero, Jr.) and hereby respectfully submits this Reply to the United States' Response to Defendant's Motion to Suppress ("Response").

**ARGUMENT**

**A. An Oral Authority to Search Must be Memorialized in Writing**

The government has provided no written evidence of an oral order by Base Commander Colonel David Miller ("Col. Miller") as required by military standards governing search and seizure. Pursuant to Air Force Instruction ("AFI") 51-201[1] governing Search, Seizure, and Apprehension, in relevant part,

> **3.1. Authorization for Search, Seizure, and Apprehension**. Air Force commanders, military judges, and military magistrates may authorize searches, seizures, and apprehensions based upon probable cause. Air Force Form 1176, Authority to Search and Seize, is used to document authorization for a search of a person, location, or property and seizure of property pursuant to Military Rule of Evidence 315(d). . . When required by circumstances, oral or verbal authorization may be given *but should be followed by written documentation.*

---

[1] AFI 51-201 "implements the Uniform Code of Military Justice (UCMJ), the Manual for Courts-Martial, and Air Force Policy Directive 51-2, Administration of Military Justice." AFI 51-201, Administration of Military Justice (Dec. 8, 2017), at 1, https://bit.ly/2FoRY26 (emphasis added).

AFI 51-201, Administration of Military Justice (Dec. 8, 2017), at 36, https://bit.ly/2FoRY26 (emphasis added).

In addition, AFI 31-120 requires, in relevant part:

> **4.6. AF Form 1176, Authority to Search and Seize.** . . . Use the AF Form 1176 to ensure the search and seizure is legal and any evidence found is admissible at a courts-martial and Magistrate Court. This form is prepared for the signature of the commander having search authority over a specific area, property or person to be searched. The commander may give verbal authority to search only after a probable cause briefing to him/her is accomplished and the situation warrants immediate search. *The commander must sign the AF Form 1176 as soon as possible after oral authorization. Once the form is signed, Security Forces will retain and place it into the case file.*

See AFI 31-120, Security Forces Systems and Administration (April 1, 2015), at 32, https://bit.ly/3bPuC1A (emphasis added).

AFI 31-120 not only requires the commander to follow his oral authority with a <u>written</u> AF Form 1176 "as soon as possible," it requires AFOSI to retain the written form.

In sum, there is no record of Col Miller memorializing said oral search authority. There is no evidence that the Col. Miller provided oral search authority based on probable cause. The government has disclosed over 400 pages of written discovery in this case, including a detailed 114 page final Report of Investigation and it never articulated any exigent circumstances or other factual basis for the cancelation of the controlled delivery. As such, the government is limited to the written record available without considering the aborted controlled delivery.

### B. The February 19, 2020, Search Lacked Probable Cause and Was Unreasonable Under the Fourth Amendment.

The government asserts, without evidence, that Col. Miller orally amended his written anticipatory search authority, nor has it articulated the probable cause allegedly supporting the oral authority, or the requisite nexus between the alleged contraband and the property searched. Instead, the government expects the court and Mr. Justice to accept its unsupported assertions regarding

2

the existence of probable cause. The government's assertions do not support probable cause. The February 19, 2020 search was unlawful, and the evidence seized pursuant to the unlawful search must be suppressed.

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV.  A search conducted without probable cause is presumptively unreasonable. United States v. Robertson, 736 F.3d 677, 679 (4th Cir. 2013); United States v. Walsh, 791 F.2d 811, 814 (10th Cir. 1986) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973), United States v. Gay, 774 F.2d 368, 376 (10th Cir. 1985) ("Absent voluntary consent and subject to a few well-recognized exceptions, searches conducted without a warrant and probable cause are presumed unreasonable.").

"In reviewing probable cause determinations, 'courts must look at the information made known to the authorizing official at the time of his decision.'" United States v. Lopez, 78 M.J. 799, 804-05 (A. Ct. Crim. App. 2019) (quoting United States v. Carter, 54 M.J. 414, 418 (C.A.A.F. 2001) (citation omitted)."

> The existence of probable cause is a 'common-sense standard.' *United States v. Wicks*, 995 F.2d 964, 972 (10th Cir. 1993) (citations omitted). An affidavit establishes probable cause for a search warrant to issue if the totality of the information contained therein establishes a fair probability that contraband or evidence of a crime will be found in a particular place. *See Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) (noting this is a flexible standard).

United States v. Morgan, 160 F. App'x 694, 697 (10th Cir. 2005).

To review probable cause, the court "'look[s] to the totality of the circumstances as detailed in the affidavit accompanying the application for the search warrant.'" United States v. Sadlowski, No. CR 16-847 MCA, 2017 U.S. Dist. LEXIS 185210, at *26 (D.N.M. Nov. 8, 2017) (citing United

3

States v. Pulliam, 748 F.3d 967, 971 (10th Cir. 2014) (citing Illinois v. Gates, 462 U.S. 213, 230, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)).

The military court evaluates the search authority's probable cause finding, by "examin[ing]: 1) the facts known to the authority when he issued the warrant and 2) the manner in which he came to know these facts." United States v. Eppes, 77 M.J. 339, 346 (C.A.A.F. 2018) (quoting United States v. Leedy, 65 M.J. 208, 214 (C.A.A.F. 2007) (citing Illinois v. Gates, 462 U.S. 213, 231, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983)).

"[R]equests for search authority [are] typically, written requests supported by affidavits" and in response, the commander

> issues written search authorizations wherein the places to be searched and the items to be seized are particularized. *The development of such procedures as a safeguard for the privacy rights of service personnel is, of course, to be highly commended.*

United States v. Stuckey, 10 M.J. 347, 365 (C.M.A. 1981) (emphasis added).

Col. Miller's written search authorization, Form AF1176, issued on February 18, 2020, was based on probable cause *contingent on the predicate-controlled delivery of a specific package to the Residence*. See Doc. 45-1, p.1, emphasis added. Without the predicate-controlled delivery, the written search authority lacked probable cause and a search executed the following day, on February 19, 2020, was illegal. See United States v. Rowland, 145 F.3d 1194, 1201 (10th Cir. 1998) ("[P]robable cause for an anticipatory warrant is contingent on the occurrence of anticipated events.").

As explanation, the Government first contends in its Response, without any evidentiary support, that the day after Col Miller granted a written search authorization based on probable cause, contingent on the predicate controlled delivery of a specific package, "Colonel Miller later determined that safety concerns weighed against the planned controlled delivery". Response, Doc.

4

49, ¶ 8.  In addition, Col. Miller is alleged to have later found probable cause where it previously had not been established but for the planned controlled delivery.  Id.  The government also seems to suggest – again without any evidentiary support -- that when the postal service employee with specialized training to carry out the planned delivery became unable to participate on the planned date of delivery, "AFOSI and Colonel Miller became concerned about what Defendant might do if suddenly cornered with the prospect of being arrested." Id., p. 5. With these explanations, the government appears to assert that suddenly identified "safety concerns" replaced the "planned controlled delivery" as the basis for probable cause under Col. Miller's oral authorization.

Generalized safety concerns and assumed concern for Mr. Justice's speculative reactions, as the basis for probable cause, are not valid exigent circumstances to support probable cause. Exigent circumstances are urgent circumstances. Armijo ex rel. Armijo Sanchez v. Peterson, 601 F.3d 1065, 1071-72 (10th Cir. 2010).  Examples of urgent or exigent circumstances are "smoke coming out a window or under a door, the sound of gunfire in a house, threats from the inside to shoot through the door at police, reasonable grounds to believe an injured or seriously ill person is being held within." United States v. Najar, 451 F.3d 710, 714 (10th Cir. 2006) (quoting Wayne v. United States, 318 F.2d 205, 212 (D.C. Cir. 1963)).  Exigent circumstances require imminent danger.  Storey v. Taylor, 696 F.3d 987, 995 (10th Cir. 2012) (where there was no imminent danger of violence, no exigent circumstances existed after a 911 call reported an "altercation").  "The Supreme Court cautions: 'The exigent-circumstances exception is narrowly drawn to cover cases of real and not contrived emergencies.'" Tobias v. Pletzke, 933 F. Supp. 2d 892, 910–11 (E.D. Mich. 2013) (quoting Welsh v. Wisconsin, 466 U.S. 740, 752 (1984) (emphasis added)).

It is clear that even while the government purports alleged safety concerns, the concerns were not urgent or imminent, as the search was not executed until the next day.  Further, exigent

circumstances do not establish and cannot replace probable cause. In fact, when exigent circumstances are relied upon for a warrantless search, the valid exigent circumstances must be in addition to probable cause. See United States v. Davis, 290 F.3d 1239, 1242 (10th Cir. 2002) ("'Probable cause accompanied by exigent circumstances will excuse the absence of a warrant.'" (quoting Howard v. Dickerson, 34 F.3d 978, 982 (10th Cir.1994)). Exigent circumstances cannot and do not replace the probable cause requirement of a lawful search.

    C. **The Information Contained in the Written Record was Insufficient to Establish Probable Cause to Search**

The evidence is clear that the government was eager to conduct its search on February 19, 2020, regardless of the existence of probable cause. To wit, as the basis for his written search authority, Col. Miller relied on a detailed, nine-page, single-spaced, written affidavit with six pages of attachments (including photos), submitted by affiant Nicholas J. Dorval (See Doc. 45-1, pp. 3-17) which described the plan: *the controlled delivery of the package* would be conducted "[o]n or about 18 Feb 20, [by] a U.S. Postal Inspector, who will be acting in an undercover capacity as a United States Postal Service (USPS) mail carrier. . ." Id., ¶10.b, (emphasis added). The controlled delivery would be surveilled and supported by other law enforcement agents. Id. The written plan specifically stated, "If the occupants at the residence do not answer the door, repeated attempts to complete the controlled delivery may be carried out *on succeeding dates thereafter.*" Id. (emphasis added). The affidavit, as in all the discovery disclosed to date, expressed no concern for safety or urgency, and in fact, allowed for the plan not coming together on the planned date.

It bears noting that the information included in the written record about prior orders placed through "wish.com" includes unprovable allegations that paint an unsubstantiated picture. Specifically, the government alleges that Mr. Justice made several purchases through this web marketplace. A quick internet search reveals that "wish.com" includes thousands of sellers. Each

6

seller provides dozens and sometimes hundreds of products. Some of those products are not legal in the U.S., but the great weight of the products offered are inexpensive, legal items. The information available to the government did not include knowledge that any of the noted orders came from a vendor that *only* sold contraband products. The record likewise did not include knowledge that any of the other packages contained actual contraband. The accusation that Defendant placed other orders with other vendors is nothing more than an allegation that he *may* have bought another item or items from a vendor that *may* have been selling contraband and noncontraband and therefore that the item he purchased was either contraband or not. The prior purchases may have had some value in connection with the planned controlled delivery of known contraband. Absent that link the information is of very little value: it amounts to a hunch.

The government has provided no evidence of changed circumstances, except the alleged unavailability of the USPS employee, to support the oral search authorization that necessarily occurred the day after the written search authority was issued.  Suddenly citing safety concerns and assumptions regarding Mr. Justice's reactions -- without any evidence -- does not support probable cause required for a search of Mr. Justice Residence and Truck.

### D. The Good Faith Exception Does Not Apply

The focus when determining whether the good-faith exception applies is "whether a 'reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Gonzales, 399 F.3d 1225, 1230 (10th Cir. 2005), (quoting United States v. Leon, 468 U.S. 897, at 922 n. 23) (emphasis added).

Col. Miller relied on the information provided to him by the affiant. See supra, AFI31-120, Section 4.6 ("The commander may give verbal authority to search only after a probable cause briefing to him/her is accomplished and the situation warrants immediate search.). As such, the

AFOSI agents are well aware of the requirements for probable cause, and it was unreasonable for the AFOSI to execute a search without the originally planned controlled delivery and under the contrived and unsupported general concern for safety. As stated previously, the written affidavit expressly communicated no urgency and specifically allowed that if the controlled delivery could not occur on February 19, 2020, "repeated attempts to complete the controlled delivery may be carried out *on succeeding dates thereafter.*" Id. (emphasis added).

The government has provided no information or evidence supporting the sudden change in the urgency of the situation, and it was unreasonable for the AFOSI agents to rely on the authorization of Col. Miller and the probable cause based on contrived generalized safety concerns, and the evidence must be excluded.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Mr. Justice urges this Court to grant Mr. Justice's Motion to Suppress and to exclude the evidence seized during the February 19, 2020, search of his Residence and Truck and in violation of his Fourth Amendment protections against unreasonable searches and seizures. The good faith exception to the exclusionary rule does not apply because it was unreasonable for the agents to rely on the anticipatory search warrant or the alleged oral authority both of which lacked probable cause

Respectfully Submitted,

By:   */s/ Joe M. Romero, Jr.*
      Joe M. Romero, Jr.
      Romero & Winder, PC
      Attorney for Charles Brent Justice
      P.O. Box. 25543
      Albuquerque, N.M. 87125
      (505) 843-9776
      EM: joe@romeroandwinder.com

## Certificate of Service

I hereby certify that, on September 14, 2020, the foregoing pleading was filed electronically pursuant to CM/ECF procedures for the District of New Mexico, which caused the parties and/or their counsel to be served by electronic transmission, as more fully reflected by the Notice of Electronic Filing.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.